**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TODD DAVID BARTON**

                              **Plaintiff,**

    -against-                                      1:09-CV-63

**PAM MIKELHAYES,** *et al.*,

                              **Defendants.**

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

On January 20, 2009, Plaintiff commenced a civil action asserting claims of employment discrimination pursuant to Title VII of the Civil rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII), the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and 42 U.S.C. § 1983. See Compl. [dkt. # 1]. On April 10, 2009, Plaintiff filed an *ex parte* application for an Order to Show Cause and for a Temporary Restraining Order seeking to prevent the enforcement of an Order and Judgment of the Schenectady City Court dated October 21, 2008.[1] See Motion, dkt. # 12. The matter was assigned to the undersigned at 4:00 p.m. on April 13, 2009, and, because Plaintiff's application did not

---

[1] The Order and Judgment reduced to a judgment Plaintiff's agreement that he would vacate the premises of 801 Plymouth Avenue, Schenectady, New York, 12308 on or before March 31, 2009, and that the Faith United Methodist Church of Schenectady would receive, and hold in escrow until March 31, 2009, a Warrant of Eviction for the same premises.

1

comply with the applicable federal and local rules, the Court held the matter in abeyance for 24 hours to allow defendants' counsel to respond.  See 4/13/09 Order, dkt. # 14. Defense counsel responded today, opposing Plaintiff's application.  See dkt. 16.

The Court concludes that the matter of the Order to Show Cause is barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)(The Rooker-Feldman doctrine applies when a plaintiff complains in federal court of injuries that are caused by a state-court judgment); Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 88 (2d Cir. 2005)("A federal suit complains of injury from a state-court judgment . . . when the [complained of] actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.").  The injury complained of by the Order to Show Cause, and which Plaintiff seeks to enjoin, is being evicted from his residence in accordance with the Order and Judgment of the Schenectady City Court.  Under the Rooker-Feldman doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Hoblock, 422 F.3d at 84 )(citing, *inter alia*, Exxon Mobil Corp., 544 U.S. 280; Rooker v. Fidelity Trust Co., 263 U.S. 413(1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).  The Order to Show Cause is, in essence, a last minute appeal from the state court judgment that Plaintiff consented to and which has been in effect for several months.

Further, Plaintiff has not demonstrated irreparable harm in the absence of the sought after injunction.  In fact, Plaintiff notified the Court this morning that he has taken up a new residence at 801 Plymouth Avenue, Schenectady, New York.  This last fact also

arguably moots out the instant application.

Therefore, the application for an Order to Show Cause and an injunction [dkt. # 12] is **DENIED.**

 **IT IS SO ORDERED**

DATED: April 14, 2009

Thomas J. McAvoy
Senior, U.S. District Judge