UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TODD DAVID BARTON,

                                    **Plaintiff,**

    -against-                                                                          **09-CV-0063**

**TROY ANNUAL CONFERENCE,**
*et al.*,

                                    **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


# DECISION & ORDER

**I.    INTRODUCTION**

Plaintiff Todd David Barton commenced this action *pro se* against Defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII).[1] On March 15, 2010, the Court issued a Decision and Order that dismissed all of Plaintiff's claims against all Defendants except his gender discrimination and retaliatory firing claims against Defendant Troy Annual Conference ("TAC"), a conference of the United Methodist Church. See Barton v. MikelHayes, No. 09-CV-0063 (N.D.N.Y. March 15, 2010)[Dkt. # 65](reported at 2010 WL 980708 (N.D.N.Y. March 15, 2010)).  On October 7, 2010, the Court issued a Decision and Order dismissing the remaining claims for lack of subject

---

[1] In his Complaint, Plaintiff alleged claims of: (1) gender discrimination; (2) hostile work environment; (3) sexual harassment; (4) violation of due process; (5) failure to protect against or investigate Title VII allegations; and (6) retaliatory firing.

1

matter jurisdiction. Dkt. # 85. In dismissing these claims, the Court relied on the "ministerial exception," a doctrine derived from the Free Exercise Clause of the United States Constitution that prohibits a court from engaging in excessive entanglement with religion. See e.g. Friedlander v. Port Jewish Center, 347 Fed. Appx. 654, 655 (2d Cir. 2009); Rweyemamu v. Cote, 520 F.3d 198, 208 (2d Cir. 2008). Judgment was entered for Defendants on October 7, 2010. Dkt. # 86.

On October 25, 2010, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit . Dkt. # 87. That appeal is still pending, and the Second Circuit has denied Plaintiff/Appellant's motion to remand the case to allow this Court to address a Fed. R. Civ. P. 60(b) reconsideration motion. See 2nd Cir. case # 10-4399. Nevertheless, on October 11, 2010, some four months after the Second Circuit denied Plaintiff's request to remand, Plaintiff filed the instant motion that is now before this Court. In this motion, Plaintiff seeks reconsideration and vacature of the October 7, 2010 Decision and Order. Plaintiff cites Fed. R. Civ. P. 60(b)(1), (2), (3) and (6) as the procedural basis for his motion.[2]  Defendants have opposed the motion.

---

[2]Rule 60(b) provides in relevant part that:

> [o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60( b).

## II.     DISCUSSION

### a.     Impact of Pending Appeal

"The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58-59, 103 S. Ct. 400, 74 L .Ed.2d 225 (1982) (*per curiam*); see United States v. Camacho, 302 F.3d 35, 36 (2d Cir. 2002)(*per curiam*)(same).  One limited exception to this general rule is that a district court may entertain and *deny* a motion a motion brought pursuant to Fed. R. Civ. P. 60(b) notwithstanding the pendency of an appeal from that order.  Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir.1992) (*per curiam*).  However, a  court "may *grant* a rule 60( b) motion after an appeal is taken only if the moving party obtains permission from the circuit court." Id. at 49 (emphasis in original).

In light of the pending appeal and the Second Circuit's denial of Plaintiff's motion to remand, this Court possesses jurisdiction to deny, but not grant, the Rule 60(b) motion. See Fort Knox Music, Inc. v. Baptiste, 257 F.3d 108, 111 (2d Cir. 2001)("[A] district court would not have jurisdiction to grant [Rule 60(b)] relief if an appeal from the judgment were pending and the court of appeals were not to remand for consideration of such relief...."); Toliver, 957 F.2d at 49 (holding that district court can deny a Rule 60(b) motion after a notice of appeal has been docketed, but that remand by the court of appeals is required if the district court is inclined to grant such motion).  The Court will address the motion under this constraint.

### b.     Rule 60(b) Motions - Standard

Rule 60(b) provides an opportunity for courts to balance fairness considerations present in a particular case against the policy favoring the finality of judgments. Kotlicky v. United States Fidelity Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987).  It  provides "extraordinary judicial relief" and therefore should be granted "only upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); see Broadway v. City of New York, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003) (Patterson, J.) ("While Rule 60(b) was designed to strike a balance between the interests of fairness and the finality of judgments, 'final judgments should not be lightly reopened.' ")(citing Nemaizer, 793 F.2d at 61).  Motions under Rule 60(b) are disfavored and the burden of proof is on the party seeking relief from the judgment. Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004).  "A motion under Rule 60(b) is addressed to the sound discretion of the trial court." Velez v. Vassallo, 203 F. Supp.2d 312, 333 (S.D.N.Y. 2002) (citing Mendell In Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir.1990));

"The Second Circuit has imposed a three-prong test in order for a Rule 60(b) motion to prevail: First, there must be 'highly convincing' evidence supporting the motion; second, the moving party must show good cause for failing to act sooner; and third, the moving party must show that granting the motion will not impose an undue hardship on the other party." Williams v. New York City Dept. of Corrections, 219 F.R.D. 78, 84 (S.D.N.Y. 2003)(internal citations and quotation marks omitted). "*Pro se* litigants are not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." Skinner v. Chapman, 680 F. Supp.2d 470, 479 (W.D.N.Y. 2010), aff'd, 412 Fed.

Appx.387 (2d Cir. 2010). Moreover, "a Rule 60(b) motion is not a substitute for appeal. Accordingly, Rule 60(b) motions that simply attempt to relitigate issues and thereby circumvent the appellate process are routinely dismissed." Espinal v. U.S., 2006 WL 163179, at *2 (S.D.N.Y. 2006) (internal citations omitted).

### c.   Time Limit - Rule 60(b)(1)-(3)

Rule 60(b) establishes a mandatory time limit of "no more than a year after the entry of the judgment or order or the date of the proceeding" for any motions advanced under Rule 60(b)(1), (2) or (3). See Fed R. Civ. Pro. 60(c)(1). "The one-year limitation period for Rule 60(b) motions is 'absolute.'" Martha Graham School and Dance Foundation, Inc. v. Martha Graham Center for Contemporary Dance, Inc., 466 F.3d 97, 100 (2d Cir. 2006)(quoting Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000)).

The Decision and Order dismissing the claims against TAC, and the final Judgment in this case, were both entered October 7, 2010. Plaintiff filed his papers in support of this motion on October 11, 2011, which was after the one year time limit expired. Plaintiff's argument that his late filing should be excused because he purportedly suffers from a learning disability, physical difficulties, and emotional distress is unavailing. His motion to the Second Circuit to remand the matter was denied approximately four months before his papers were file on the instant motion. There is no indication before this Court that Plaintiff's difficulties were of such a magnitude that he could not have filed his papers within this four month period (or within the one year period from the date of the Decision and Order and Judgment). Thus, any claims brought under Rule 60(b)(1)-(3) are time barred. See Skinner, 680 F. Supp.2d at 478; but see fn. 4, *infra*.

### d. Merits of Rule 60(b)(1)-(3) Claims

Assuming, *arguendo*, that the Rule 60(b)(1)-(3) claims were not time-barred, the claims are without merit. The only Rule 60(b)(1) claim that the Court can glean from Plaintiff's papers is that Magistrate Judge Homer's April 26, 2010 Order (which prevented Plaintiff from communicating with individuals represented by defense counsel, including individuals known to be "decision makers" for the TAC or the Faith United Methodist Church, see dkt. # 72) was erroneous and, therefore, constituted mistake or inadvertence that resulted in this Court issuing the October 7, 2010 decision. See Pltf. Mot., p. 7. The argument is without merit. Inasmuch as Plaintiff was afforded full discovery and Judge Homer's Order contained a mechanism for Plaintiff's communication with covered individuals on matters unrelated to the litigation, see dkt. # 72, the Court fails to see how the Order prevented Plaintiff from fully litigating this matter or was, in some way, an erroneous decision by Judge Homer. Plaintiff's argument fails to support a Rule 60(b)(1) claim justifying vacature of the October 7, 2010 Decision and Order.

With regard to his Rule 60(b)(2) claim, Plaintiff cites to a Connecticut state appellate court decision decided in August 2011 (Dayner v. Archdiocese of Hartford, attached as an exhibit to his papers) for the proposition that the decision constitutes "new evidence" supporting his argument that the ministerial exception does not apply in this case. Plaintiff's reliance on the Dayner case is misplaced. Apart from the fact that a subsequently decided opinion from another jurisdiction does not constitute "new evidence" within the meaning of Rule 60(b)(2), the Dayner decision does not support Plaintiff's argument that his claims should escape the ministerial exception. Rather, the decision

6

supports this Court's determination to apply the ministerial exception. Indeed, the <u>Dayner</u> decision cited this Court's October 7, 2010 Decision & Order (and the Second Circuit case law cited therein) in support of its decision to reverse the lower court and remand the matter for purposes of dismissing all claims pursuant to the ministerial exception. To the extent the <u>Dayner</u> case could be considered persuasive authority, it supports this Court's decision to dismiss Plaintiff's claims under the ministerial exception. The case provides no basis for reconsideration or Rule 60(b) relief.

Plaintiff also argues that "newly discovered evidence" exists in the form of three witnesses to events that allegedly took place "on the night of the Plaintiffs firing" and who would have testified that Plaintiff's firing was not due to religious considerations. Plaintiff does not assert that the identity of these three witnesses is newly discovered but rather that he did not present the evidence because he believed at the time that the Court was going to appoint him an attorney who would, in turn, present this evidence. Plaintiff's argument is without merit.

First, Magistrate Judge Homer denied Plaintiff's application for appointment of counsel almost seven weeks before Plaintiff submitted his opposition to Defendant's dismissal motion. <u>Compare</u> 07/26/10 Ord. Denying App. of Counsel, dkt. # 78 <u>with</u> 09/14/10 Pltf. Opp. to Mot., dkt. # 84. While Judge Homer's Order denied appointment of counsel without prejudice to renewal at the time of the trial, it plainly put Plaintiff on notice that counsel would not be appointed for purposes of the then-pending motion. The argument that the evidence from the three witness is "newly discovered" because Plaintiff was waiting for the appointment of counsel is disingenuous at best.

Second, "'any failings attributable to plaintiff's *pro se* status could not be a basis for

7

relief under Rule 60(b)'; by itself, the fact that plaintiff is *pro se* does not count as an exceptional circumstance." William, 219 F.R.D. at 85 (quoting Salter v. Hooker Chemical, Durez Plastic & Chemical Div., 119 F.R.D. 7, 9 (W.D.N.Y.1988)); see Jedrejcic v. Croatian Olympic Committee, 190 F.R.D. 60, 77 (E.D.N.Y.1999) ("*[P]ro se* plaintiff is not excused from producing 'highly convincing' evidence in support of her motion to vacate a final judgment.... [T]hat a litigant is *pro se*, standing alone, is an insufficient basis for relied under Rule 60(b).")(citations omitted).

Third, the ministerial exception would apply even if the witness statements had been presented.  Simply stated, the ministerial exception applies if the dispute requires the Court to examine religious doctrine in resolving an employment discrimination lawsuit brought by a minister, as was the case here.  See Oct. 7, 2010 Dec. & Ord., pp. 7-8.[3] Because: (a) the evidence is not "newly discovered," (b) Rule 60(b) motion is not intended to offer the proverbial second bite of the apple, and (c) the ministerial exception would apply even if the purportedly "newly discovered" evidence had been presented, the motion on this ground is denied.

---

[3] This Court wrote:

> To establish his Title VII gender discrimination claim, Plaintiff would have to prove that, based on the circumstances surrounding his license revocation, his license was revoked for a discriminatory reason.  To establish his Title VII retaliation claim, Plaintiff would have to prove that his protected activity was the real reason for his license revocation.  Therefore, in order to decide the case, as in [Rweyemamu v. Cote, 520 F.3d 198 (2d Cir. 2008)], the Court would be forced to question the Church's administration in order to decide whether Plaintiff's pastoral license was revoked due to his violation of the United Methodist Church's governing doctrine, as Defendant claims, or whether the Defendant's reasons for deciding that Plaintiff violated the doctrine were actually "not only erroneous, but also pretextual" as Plaintiff claims. This question cannot not be answered by the Court without impermissible entanglement with the United Methodist Church's religious doctrine.  As such, the constitutionally-based ministerial exception requires the dismissal of Plaintiff's claims against TAC for lack of subject matter jurisdiction.

Plaintiff's fraud argument, which he seemingly asserts under Rule 60(b)(3),[4] is also without merit. Plaintiff asserts that Defendants' counsel perpetrated a fraud upon the Court when, in Defendants' Memorandum of Law, counsel quoted the Complaint's demand for damages in the sum of ten million dollars, reinstatement of Plaintiff's pastoral license, retirement on medical disability and in good standing, and a published apology in the local newspaper. Plaintiff asserts that this was a fraudulent statement because, before the Memorandum was submitted, Plaintiff presented a proposal to defense counsel offering to settle the case for six million dollars and indicating that Plaintiff would not seek reinstatement of his pastoral license, retirement, or an apology if the six million dollars were paid. Defense counsel points out, however, that the settlement offer was never accepted; the settlement offer expired by its own terms before counsel submitted the Memorandum; and the Memorandum merely quoted the Complaint, which was the operative pleading before the Court. Thus, Defendants argue, there was no fraud.

Plaintiff's argument is wholly without merit and borders on the frivolous.

> Fraud upon the court as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication. Fraud upon the court should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.

King v. First Am. Investigations, Inc., 287 F.3d 91, 95 (2d Cir. 2002)(internal citations, quotations, and alterations omitted). To prevail on a Rule 60(b) "fraud upon the court" motion, a movant must show that the conduct complained of prevented the moving party

---

[4] In King v. First Am. Investigations, Inc., 287 F.3d 91 (2d Cir. 2002), the Second Circuit held that fraud upon the court, as opposed to fraud upon an adverse party, is not subject to the one year limitation period of Rule 60(d). Id. at 95.

9

from fully and fairly presenting his case.  State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004)(internal quotations and citations omitted).

The statement in the Defendants' Memorandum of Law quoting the Complaint is not fraudulent, and most certainly was not a statement that seriously affected the integrity of the normal process of adjudication or that prevented Plaintiff from fully and fairly presenting his case.  Moreover, and assuming *arguendo* that Plaintiff had withdrawn his demand for reinstatement of his pastoral license, retirement, and an apology (which he did not do) and only sought six million dollars in damages, the ministerial exception would still apply for the reasons set forth in the October 7, 2010 Decision and Order. Thus, Plaintiff's motion in this regard is denied.

To the extent that Plaintiff  asserts that Defendants' counsel perpetrated a fraud upon the Court when he informed Magistrate Judge Homer that Plaintiff was attempting to question certain church officials about the litigation, that issue was resolved by Magistrate Judge Homer after a conference and did not impact the October 7, 2010 decision by the Court.  Thus, the claim in this regard is without merit.

### d.    Rule 60(b)(6) Claims

Plaintiff also asserts that Rule 60(b)(6) provides a basis for relief in this case.  The Court disagrees.

> The Second Circuit has explained that Rule 60(b)(6) is "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." Transaero, Inc. v. La Fuerza Area Boliviana, 24 F.3d 457, 461 (2d Cir.1994). Nevertheless, "relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" Transaero, Inc., 24 F.3d at 461 (citing Ackermann v. United States, 340 U.S. 193, 199, 71 S. Ct. 209, 95

> L.Ed. 207 (1950)); Broadway, 2003 WL 21209635, at *3; Velez, 203 F. Supp.2d at 333. "By definition, such circumstances are rare," and courts usually deny reconsideration where a party had previous opportunities to act upon a motion or somehow prevent an unfavorable judgment. Velez, 203 F. Supp.2d at 333–33 . . . .
>
> Nevertheless, relief under Rule 60(b)(6) cannot be "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)": "[C]lause (6) and clauses (1) through (5) are mutually exclusive." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863–864, n. 1, 108 S. Ct. 2194, 100 L. Ed.2d 855 (1988); United States v. Cirami, 535 F.2d 736, 740 (2d Cir.1976); Dietrich v. Bauer, 198 F.R.D. 397, 400, n. 1 (S.D.N.Y. 2001) . . . .

Williams, 219 F.R.D. at 83-84; see also New York v. Green, 420 F.3d 99, 108 n. 3 (2d Cir. 2005) ("motions under Rule 60(b)(6) . . .  are proper only where the asserted grounds for relief are not recognized in the other clauses of Rule 60(b)")(citations omitted); Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir.1986) (Rule 60(b)(6) may only be used when no other subsection is available); Hines v. U.S., 2006 WL 13013, *1 (N.D.N.Y. 2006); United.States v. Stonner, 1999 WL 123594, *1 (N.D.N.Y. 1999).

      To the extent that Plaintiff's claims are governed by Rule 60(b)(1)-(3), Rule 60(b)(6) is inapplicable.  Further, Plaintiff fails to present any extraordinary circumstances such to permit this Court to reconsider its prior decision.  Plaintiff's claim that his constitutional rights under the First and Fourteenth Amendment were violated by Magistrate Judge Homer's April 26, 2010 Order (preventing communication with persons represented by defenses counsel) is without merit and neither provides a basis for reconsideration nor a reason to vacate the October 10, 2007 Decision and Order.   The Court has considered all of Plaintiff's other arguments under the rubric of a Rule 60(b)(6) motion and finds that none provide a basis for this extraordinary relief.

**III.     CONCLUSION**

For the reasons set forth above, Plaintiff's motion for reconsideration pursuant to Rule 60(b) [dkt. # 91] is, in all respects, **DENIED.**

**IT IS SO ORDERED**

**Dated:** November 3, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge